**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No.  05-32551

THERESA FAITH SIBLEY

      Debtor

K-25 FEDERAL CREDIT UNION

      Plaintiff

     v.                                  Adv. Proc. No.  05-3129

THERESA FAITH SIBLEY

      Defendant

**MEMORANDUM ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

**APPEARANCES:**    JOYCE, MEREDITH, FLITCROFT & NORMAND
                          John E. McDonald, Esq.
                          Post Office Box 6197
                          Oak Ridge, Tennessee  37831-3814
                          Attorneys for Plaintiff

                        ROBERT E. NICHOLS, ESQ.
                          Post Office Box 20380
                          Knoxville, Tennessee 37940
                          Attorney for Defendant/Debtor

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

On August 15, 2005, the Plaintiff, K-25 Federal Credit Union, filed its Complaint Objecting to the Discharge of a Debt (Complaint), seeking a judgment against the Defendant/Debtor in the amount of $43,295.58, plus interest and attorney's fees, along with a determination that the judgment is nondischargeable under 11 U.S.C.A. § 523(a)(2)(B) (West 2004). The Defendant filed her Answer on September 15, 2005, admitting the amount owed to the Plaintiff but denying all allegations of fraud and that the debt is nondischargeable.

On January 10, 2006, the Plaintiff filed a Motion for Summary Judgment, accompanied by a Statement of Undisputed Material Facts, asking the court to grant it a nondischargeable judgment against the Defendant based upon her failure to respond to discovery propounded to her pursuant to the Pretrial Order entered on December 12, 2005. Also filed in support of the Motion for Summary Judgment, as required by E.D. Tenn. LBR 7007-1, is a Memorandum of Law and the following exhibits: (1) Interrogatories dated December 14, 2005; (2) Requests for Production of Documents, Etc. Under Rule 34 dated December 14, 2005; and (3) Requests for Admission Under Rule 36 dated December 14, 2005, along with the following attachments: (A) a Loanliner Application dated December 22, 1999, requesting a loan of $1,000.00; (B) a Mortgage Loan Fact Sheet executed on September 7, 2000; (C) a Note in the principal amount of $47,000.00 dated September 7, 2000; (D) a Deed of Trust dated September 7, 2000; and (E) a Loanliner Application dated June 11, 2001, requesting a loan in the amount of $2,000.00.

The Defendant did not file a response to the Motion for Summary Judgment within twenty days, as prescribed by E.D. Tenn. LBR 7007-1, which provides that the failure to file a response "shall be construed by the court to mean that the respondent does not oppose the relief requested by

the motion[,]" E.D. Tenn. LBR 7007-1; therefore, the Motion for Summary Judgment stands before the court unopposed and the court will rule on the record supplied by the Plaintiff.

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(A), (I), and (O) (West 1993).

**I**

The facts established from the Statement of Undisputed Material Facts and the documents filed in support of the Motion for Summary Judgment include the following.[1]  On December 22, 1999, the Defendant sought and obtained, via a Loanliner Application, an unsecured loan in the amount of $1,000.00 from the Plaintiff.  This Loanliner Application evidenced that the Defendant's monthly income was $5,896.12, including $4,000.00 from a second job at American Transmission.  On September 7, 2000, the Defendant obtained from the Plaintiff a home equity loan in the amount of $47,000.00, evidenced by a Note and secured by real property located at 412 Hardwicke Drive, Knoxville, Tennessee, pursuant to a Deed of Trust also dated September 7, 2000.  In connection with this transaction, the Debtor signed a Mortgage Loan Fact Sheet, evidencing that her total monthly income was $5,833.00.  Finally, on June 11, 2001, pursuant to a second Loanliner Application, the Plaintiff made an unsecured loan in the amount of $2,000.00 to the Defendant.  This Loanliner Application reflects a gross monthly income of $5,845.83.

---

[1] Pursuant to E.D. Tenn. LBR 7056-1(b), in the absence of a response to a motion for summary judgment accompanied by a response to the movant's statement of undisputed material facts, "the material facts set forth in the movant's statement will be deemed admitted."

**II**

Rule 56 of the Federal Rules of Civil Procedure allows summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable to adversary proceedings under Federal Rule of Bankruptcy Procedure 7056). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter, but instead, simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

The moving party bears the initial burden of proving that there is no genuine issue of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the nonmoving party to produce specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986) (citing FED. R. CIV. P. 56(e)). The nonmoving party must cite specific evidence and may not merely rely upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The facts and all resulting inferences are viewed in a light most favorable to the non-moving party, *Matsushita*, 106 S. Ct. at 1356, whereby the court will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. "[O]nly disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

### III

In its Motion for Summary Judgment, the Plaintiff seeks a judgment against the Defendant in the amount of $43,295.58, plus interest at the contractual rate and attorney's fees, along with a determination that the judgment is nondischargeable. The nondischargeability of debts is governed by 11 U.S.C.A. § 523, which provides, in material part:

> (a) A discharge under section 727[2] . . . of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
> >
> > > (B) use of a statement in writing—
> > >
> > > > (i) that is materially false;
> > > >
> > > > (ii) respecting the debtor's or an insider's financial condition;
> > > >
> > > > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> > > >
> > > > (iv) that the debtor caused to be made or published with intent to deceive[.]

---

[2] Chapter 7 debtors receive a discharge of pre-petition debts, "[e]xcept as provided in section 523 of this title[.]" 11 U.S.C.A. § 727(b) (West 2004). This accomplishes the goals of Chapter 7 to relieve "honest but unfortunate" debtors of their debts and allow them a "fresh start" through this discharge. *Buckeye Retirement, LLC v. Heil (In re Heil),* 289 B.R. 897, 901 (Bankr. E.D. Tenn. 2003) (quoting *In re Krohn*, 886 F.2d 123, 125 (6th Cir. 1989) (citing *Local Loan Co. v. Hunt*, 54 S.Ct. 695, 699 (1934))). The Debtor received a discharge on October 6, 2005.

11 U.S.C.A. § 523(a) (West 2004).  The Plaintiff bears the burden of proving each of the elements of nondischargeability by a preponderance of the evidence, *Grogan v. Garner*, 111 S. Ct. 654, 661 (1991), as § 523(a) is construed strictly against the Plaintiff and liberally in favor of the Defendant. *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998). Furthermore, it is within the jurisdiction and authority of the bankruptcy court to adjudicate the Plaintiff's claims and determine damages.  *See Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 792 (Bankr. E.D. Tenn. 2003) (citing *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 965 (6th Cir. 1993)).  In her Answer, filed on September 15, 2005, the Defendant admitted that, as of the date upon which she filed her bankruptcy case, she owed $43,295.58 to the Plaintiff.

**A**

In summary, a determination of nondischargeability under § 523(a)(2)(B) requires proof that the Plaintiff made the various loans to the Defendant after it reasonably relied upon false financial documents concerning the Defendant and/or an insider, provided to it by the Defendant either directly or indirectly, and that the Defendant intended to deceive the Plaintiff when doing so. *Copeland*, 291 B.R. at 780 (quoting 4 COLLIER ON BANKRUPTCY ¶ 523.08[2] (Lawrence P. King ed., 15th ed. rev. 2002)).  Unless the Plaintiff can satisfy all of the criteria set forth in the statute, the court will not make a finding of nondischargeability.  *See* 11 U.S.C.A. § 523(a)(2)(B).

Any document, whether or not the Defendant actually prepared it, will satisfy the writing requirement.  *Union Planters Bank, N.A. v. Martin (In re Martin)*, 299 B.R. 234, 239 (Bankr. C.D. Ill. 2003); *Copeland*, 291 B.R. at 782.  Nevertheless, the Defendant must have either created the false statements, had the statements created, or allowed the statements to be "published," i.e., made

6

public or circulated. *Copeland*, 291 B.R. at 785. Additionally, this section applies to documents obtained from another source but authorized by the Defendant, as well as any documents personally supplied to the Plaintiff by the Defendant herself. *Copeland*, 291 B.R. at 785.

Additionally, the documents at issue must contain materially false statements offering "a substantially untruthful picture" of the Defendant's financial condition that significantly affected the Plaintiff's decision to make the loans. *Copeland*, 291 B.R. at 782. "[A] statement is materially false if it 'contains an important or substantial untruth. The measuring stick of material falsity is whether the [Plaintiff] would have made the loan if the [Defendant's] true financial condition had been known.'" *Copeland*, 291 B.R. at 782 (quoting *Insouth Bank v. Michael (In re Michael)*, 265 B.R. 593, 598 (Bankr. W.D. Tenn. 2001)).

The Plaintiff must also prove that it reasonably relied on the documents furnished by the Defendant. "[A]s a threshold the creditor must establish that it actually relied on the written statement prior to taking action, compared to situations where the creditor is persuaded by other factors, such as the debtor's reputation and enthusiasm for the project." *Carson v. Chamberlain (In re Chamberlain)*, 330 B.R. 195, 204 (Bankr. S.D. Ohio 2005). In making this determination, the court should consider a totality of the circumstances of each case, but primarily question "whether there had been previous business dealings with the debtor that gave rise to a relationship of trust; whether there were any 'red flags' that would have alerted an ordinarily prudent lender to the possibility that the representations relied upon were not accurate; and whether even minimal investigation would have revealed the inaccuracy of the debtor's representations." *Copeland*, 291 B.R. at 785 (quoting *Coston v. Bank of Malvern (In re Coston)*, 991 F.2d 257, 261 (5th Cir. 1993)).

"While . . . the concept of reasonable reliance does not generally require creditors to conduct an investigation prior to entering into agreements with prospective debtors, such a precaution could be the ordinarily prudent choice[.]" *Shaw Steel, Inc. v. Morris (In re Morris)*, 223 F.3d 548, 554 (7th Cir. 2000).

Intent to deceive can be inferred through the Defendant's actions and includes a reckless disregard for the truth of the financial documents furnished to the Plaintiff. *Copeland*, 291 B.R. at 786. Intent is established if the Defendant personally submitted or allowed to be submitted financial documents that he knew were untrue, even without a subjective intent to deceive. *Copeland*, 291 B.R. at 786 (citing *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 90 (6th Cir. 1993)). Similarly, "[r]eckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation may combine to produce the inference of intent [to deceive].'" *Copeland*, 291 B.R. at 786 (quoting *Norris v. First Nat'l Bank (In re Norris)*, 70 F.3d 27, 30 n.12 (5th Cir. 1995)).

**B**

In support of its Motion for Summary Judgment, the Plaintiff first relies upon the Defendant's failure to answer the Requests for Admissions Under Rule 36 served by the Plaintiff on December 14, 2005, concerning the following material statements:

I. That each of the following documents, exhibited with this request is, genuine:

    A. The Loanliner Application dated December 22, 1999;

    B. The Mortgage Loan Fact Sheet, dated August 17, 2000, and signed by the Defendant on September 7, 2000;

    C.  The promissory Note, signed by the Defendant and dated September 7, 2000;

    D.  The Deed of Trust, signed by the Defendant and dated September 7, 2000; and

    E.  The Loanliner Application, signed by the Defendant and dated June 11, 2001.

II.  That each of the following statements is true:

    1.  The above two (2) Loanliner Applications and Mortgage Fact Sheet were prepared by the Plaintiff as a part of its lending process, based upon information regarding her financial condition which was provided by the Defendant, and that by applying for credit and/or loans of money, the Defendant caused such statements to be prepared;

    2.  That the Defendant used and adopted the financial statements contained in two (2) Loanliner Applications and Mortgage Fact Sheet in obtaining loans from the Plaintiff;

    3.  That the Plaintiff reasonably relied upon the financial information contained in the two (2) Loanliner Applications and Mortgage Fact Sheet in extending credit to the Defendant;

    4.  That the Defendant intended that the Plaintiff would reasonably rely upon the financial information contained in the two (2) Loanliner Applications and Mortgage Fact Sheet in extending credit to the Defendant;

    5.  That as a result of the Plaintiff's reliance upon the financial information contained in the two (2) Loanliner Applications and Mortgage Fact Sheet, the Defendant received loans of money from the Plaintiff;

    6.  That on or about December 22, 1999, the Defendant was not making $4,000.00 per month from her second job with American Transmission, but in fact made substantially less than $4,000.00 per month from her second job;

    7.  That on or about August 17, 2000, the Defendant's total individual income was not $5,833.00, but in fact the Defendant made substantially less than $5,833.00 from the combined incomes of her jobs as a Deputy Clerk for the Fourth Circuit Court and as a bookkeeper for American Transmission.

    8. That on or about June 6, 2001, the Defendant was not making $3,625.00 per month from her second job with American Transmission, but in fact made substantially less than $3,625.00 per month from her second job;

    9. That the representation regarding the Defendant's total income as set forth in the two (2) Loanliner Applications and Mortgage Fact Sheet is materially false; and

    10. That the Defendant provided materially false information to the Plaintiff regarding her financial condition and used and adopted the said false financial information as incorporated into two (2) Loanliner Applications and Mortgage Fact Sheet with the intent to deceive the Plaintiff.

MOT. EX. 3.

The Request for Admissions was made pursuant to Rule 36 of the Federal Rules of Civil Procedure, which states, in material part:

    (a) **Request for Admission**. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request.

    Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. . . .

. . . .

    (b) **Effect of Admission**. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

FED. R. CIV. P. 36.

The parties, in the Pretrial Order entered on December 12, 2005, agreed to shorten the response time for all interrogatories, requests for production of documents, and requests for admission to twenty days, whereby the Defendant's responses were due on January 3, 2006. "The party to whom a request for admission is directed has the burden to take some affirmative action either to answer the request or to object to it[ and if not,] . . . the request is deemed admitted." *See Anthem Life Ins. Co. v. Izaguirre (In re Izaguirre)*, 166 B.R. 484, 488 (Bankr. N.D. Ga. 1994). Accordingly, the court deems admitted the Requests for Admissions Under Rule 36 submitted by the Plaintiff to the Defendant on December 14, 2005.

Furthermore, the Local Rules for the Bankruptcy Court for the Eastern District of Tennessee state the following, with respect to motions for summary judgment:

> (a) Statement of Undisputed Material Facts. Every motion for summary judgment pursuant to Fed. R. Bankr. P. 7056 must be accompanied by a statement of material facts which the movant contends are undisputed. . . .
>
> (b) Response to Statement of Undisputed Material Facts. Every response to a motion for summary judgment must be accompanied by a response to the movant's statement of undisputed material facts. The response must separately address each paragraph of the movant's statement, by—
>
>> (1) agreeing that the fact is undisputed;
>> (2) agreeing that the fact is undisputed for the purpose of summary judgment only; or
>> (3) stating that the fact is disputed as demonstrated by specific citation to material allowed by Fed. R. Civ. P. 56(c).
>
> Absent a response in accordance with the requirements of this subdivision, the material facts set forth in the movant's statement will be deemed admitted.

E.D. Tenn. LBR 7056-1. The Plaintiff's Statement of Undisputed Material Facts filed on January 10, 2006, states as follows concerning the Plaintiff's reliance: "3. That the Plaintiff reasonably relied upon the financial information contained in the two (2) Loanliner Applications and

11

Mortgage Fact Sheet in extending credit to the Defendant." The Defendant did not file a response to the Plaintiff's Statement of Undisputed Material Facts, and all are deemed admitted.

Accordingly, the court grants the Plaintiff's Motion for Summary Judgment, finding that the Defendant used false financial documents to obtain loans from the Plaintiff, with an intent to deceive, and upon which the Plaintiff reasonably relied. Therefore, the Plaintiff is granted a nondischargeable judgment against the Defendant in the amount of $43,295.58, plus prejudgment interest at 10.75%, the rate provided for in the September 7, 2000 Note, together with attorney's fees to be hereinafter set by the court.

A judgment consistent with this Memorandum will be entered.

FILED: February 7, 2006

                                              BY THE COURT

                                              */s/ RICHARD STAIR, JR.*

                                              RICHARD STAIR, JR.
                                              UNITED STATES BANKRUPTCY JUDGE